```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

JEROME SPENCER,                    )
                                   )
        Plaintiff,                 )
                                   )
        v.                         )    C.A. No. 10-10503-DPW
                                   )
EMMA ROSS,                         )
                                   )
        Defendant.                 )
```

MEMORANDUM AND ORDER
July 23, 2010

For the reasons set forth below, the plaintiff is directed to file an amended complaint.

### I. Background

**A. Original Complaint and Show Cause Order**

On March 30, 2010, Jerome Spencer filed a self-prepared complaint. He identified Emma Ross as the sole defendant. In the very brief complaint, Spencer stated that he was seeking back pay for work performed from 2005 to the present and compensation for mental anguish. He also asked that this Court require officials of an unidentified labor union to resign. In a separate statement attached to the complaint, Spencer alleged that, in the past six months, he had made four separate requests for his employment file, including a request to see copies of an agreement between the labor union and another entity named Aramark, in which the parties purportedly agreed that Spencer would no longer work at a convention center. On the civil cover sheet, Spencer described his suit as one concerning

discrimination and the terms and conditions of his employment.

In a memorandum and order dated April 6, 2010 (docket entry #4), I granted Spencer's motion for leave to proceed *in forma pauperis,* and, screening the complaint pursuant to 28 U.S.C. § 1915(e)(2), I directed him to show cause, by filing an amended complaint, why the action should not be dismissed.  I explained that the complaint did not meet the notice pleading requirement of Fed. R. Civ. P. 8(a) because Spencer had not identified the alleged misconduct by Ross that injured him.  I also observed that, although I could infer from the complaint that a dispute had arisen concerning Spencer's work site assignment, the allegations were so skeletal that I could not discern Spencer's theory of wrongdoing.  Finally, I explained that it did not appear that subject-matter jurisdiction existed because Spencer had not stated a claim under federal law and there was no indication that the parties were of diverse citizenship or that the amount in controversy exceeded $75,000.

B.   **Plaintiff's Response to the Show Cause Order**

Spencer responded to the show cause order by filing a series of letters over a two-week period rather than filing a comprehensive amended complaint.  In the first letter (docket entry #5, characterized on the docket as an "amended complaint"), filed on April 12, 2010, Spencer alleges that Emma Ross refused his March 24, 2010 request for his personnel files. He also

2

complains that, in a recent labor dispute, union workers who were terminated for taking jobs with a competitor of the Hynes Convention Center were fully reinstated to their positions with backpay.  Spencer contrasts that labor resolution with an agreement signed in 2005 by his union and Aramark, whereby the parties supposedly agreed that Spencer would not be allowed to work at the Boston Convention and Exhibition Center ("BCEC").  According to Spencer, other workers who were the subject of the same dispute were reinstated to their positions with backpay and without any restrictions on working at BCEC.  Spencer feels discriminated against because the resolutions of the aforementioned labor disputes were not as favorable to Spencer as they were to other workers.  Spencer also alleges that, in January 2009, Emma Ross told Spencer that the restriction against him working at BCEC would be lifted, but that he is still not able to work at that location.  Spencer attached to the letter an Internet article which reports that the labor union UNITE HERE engaged in fraud, malice, and oppression in its attempts to organize employees in California and Wyoming.

In the second letter (docket entry #6), filed on April 13, 2010, Spencer complains "the" labor union spies on their members, sends them threatening letters, and otherwise treats the members unfairly.  Spencer asks that this pattern of misconduct be taken into consideration and that he be granted backpay from 2004 to

the present "just like they did for other employees."  Spencer attached to the letter an article from the Internet regarding UNITE HERE.  According to the article, several courts have found that UNITE HERE engaged in illegal activities at the expense of its members, and UNITE HERE is involved with organized crime.  The article does not mention Spencer or the labor disputes referenced in Spencer's April 12, 2010 letter.  Spencer also attached an outstanding employee award from Aramark issued to him, a 2004 letter commending Spencer on his work at a luncheon, and certified mail receipts for items addressed to Janice Loux, Emma Ross, and UNITE HERE Local 26 (all at the same street address).  According to Spencer, the certified mail receipts are from his letters requesting copies of his employee files.

On April 23, 2010, Spencer filed a third letter (docket entry #7) in which he complains that union officials advocated on behalf of illegal immigrants but did not advocate on his behalf.  He cites this allegedly differential treatment as evidence of discrimination and a basis for receiving backpay.  He attached to the letter a notice issued by Aramark companies[1] upon the order of the National Labor Relations Board ("NLRB")in which Aramark states that the NLRB found that Aramark violated federal law and that the suspension of several employees would be rescinded.

---

[1]The notice was issued by Aramark Educational Services, Inc., Aramark d/b/a harry M. Stevens, Inc., and Aramark Sports, Inc.

UNITE HERE Local 26 was the charging party in the case.

In Spencer's fourth letter, filed on April 26, 2010 (docket entry #8), he states that the union is retaliating against him by requiring him to attend a meeting with the human resources department without the assistance of a union representative. He also states his belief that the purported 2005 agreement between the union and Aramark prohibiting Spencer from working at the BCEC never existed. He seeks the court's assistance in obtaining a copy of his union files. Spencer also alleges that he is entitled to back pay and "fringe benefits" under the Equal Pay Act of 1963.

**C.   Additional Papers Filed**

After the period for showing cause why the case should not be dismissed expired, Spencer filed a motion for appointment of counsel (docket entry #9). He also filed additional letters and "exhibits," none of which constitute an amended complaint.

## II.   DISCUSSION

**A.   Failure to Show Cause**

Spencer has not complied with the show cause order because the documents he has filed in response thereto are not an amended complaint, but rather a series of letters. The operative complaint in an action must be a *single* document containing all of the claims that the plaintiff intends to bring. *See, e.g.*, *Ramallo Bros. Printing, Inc. v. El Dia, Inc.*, 490 F.3d 86, 88 n.2

(1st Cir. 2007) (amended complaint supercedes original complaint).  A plaintiff cannot submit pieces of a complaint at separate times and hope that the court and the defendant will know what the case is about.  Further, as I explained in the earlier memorandum and order, under Rule 8 of the Federal Rules of civil procedure, the complaint must contain "a *short and plain* statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2) (emphasis added).  This means that the statement of the claim must "at least set forth minimal facts as to who did what to whom, when, where, and why," *Calvi v. Knox County*, 470 F.3d 422, 430 (1st Cir. 2006) (quoting *Educadores Puertorriqueños en Acción v. Hernández*, 367 F.3d 61, 68 (1st Cir.  2004)), in a clear fashion that can be understood by the court and parties.

While the letters that Spencer has filed do provide further allegations concerning his dispute with his union (which I presume to be UNITE HERE Local 26), Spencer has yet to comply with the April 4, 2010 memorandum and order or Fed. R. Civ. P. 8(a).  Instead of the dismissing the case, however, I will afford Spencer another opportunity to file an amended complaint because it appears that some of his allegations may provide the basis for a claim for under the National Labor Relations Act for breach of the duty of fair representation.  *See* 29 U.S.C. § 159(a); *14 Penn Plaza LLC v. Pyett*, 129 S. Ct. 1456, 1473 (2009) (labor union

breaches is duty of fair representation "when its conduct toward a member of the bargaining unit is arbitrary, discriminatory, or in bad faith."(quoting *Marquez v. Screen Actors*, 525 U.S. 33, 44 (1998))); *Vaca v. Sipes*, 386 U.S. 171 (1967) (describing duty of fair representation as the "statutory obligation to serve the interests of all members without hostility or discrimination toward any, to exercise its discretion with complete good faith and honest, and to avoid arbitrary conduct").

To be clear, if Spencer intends to prosecute this action, must file an amended complaint that complies with the following criteria:

> The amended complaint must be a single document.[2]

> In drafting the amended complaint, Spencer must start from "scratch," meaning that he should include in his amended complaint all of the allegations upon which he relies.  He should include in the amended complaint anything in the original complaint and subsequently-filed letters that he believes should be part of the operative complaint.

> The amended complaint must comply with Fed. R. Civ. P. 8(a) with regards to factual allegations and legal claims.  The amended complaint must set forth in a clear manner the factual allegations on which Spencer relies.  Often, the most clear manner in which to set forth factual allegations is in chronological order. Spencer must also identify his legal claims; in other words, he must state whether he is seeking to hold a defendant liable for a breach of the duty of fair representation or the breach of some other duty or law.

---

[2]The amended complaint may include exhibits that are relevant to the claims, *see* Fed. R. Civ. P. 10(c), but exhibits do not excuse the plaintiff of his responsibility to clearly set forth in the body of the complaint the relevant allegations.

> The amended complaint must clearly identify, in the case caption and body of the complaint, the identify of the defendant(s).  *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties . . . .").[3]
> A letter to the court does not constitute a complaint.
>
> The body of the amended complaint must also be in numbered paragraphs, with each paragraph "limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b).  It is often appropriate for a single paragraph to be limited to a few sentences, or even one sentence.
>
> Spencer should not include allegations of general wrongdoing by the union in other parts of the country. Spencer should only include allegations of the union's alleged misconduct insofar as the misconduct relates to his *own* injuries.  Spencer cannot bring claims for injuries suffered by other union members.  *See Horne v. Flores*, 129 S. Ct. 2579, 2592 (2009) (plaintiff only has standing to being claims for his own injuries).

If Spencer files an amended complaint, I will review the amended complaint (without reference to any allegations in the original complaint or series of letters discussed above) and determine whether Spencer sets forth a claim for relief over which the court has subject-matter jurisdiction.  Summons will not issue pending this review.

**B.   Motion for Appointment of Counsel**

Under 28 U.S.C. § 1915(e)(1), the Court "may request an

---

[3] I note that, as a general rule, in fair representation actions, only the union is a proper defendant.  Individual union officers are not proper defendants because they are generally immune from personal liability for actions taken within the course of their duties.  *See Atkinson v. Sinclair Refining Co.*, 370 U.S. 238, 247-48 (1962); *Morris v. Local 819, Int'l Broth. of Teamsters*, 169 F.3d 782, 784 (2d Cir. 1999).

attorney to represent any person unable to afford counsel." 28 U.S.C. §1915(e)(1). However, a civil plaintiff lacks a constitutional right to free counsel. *See DesRosiers v. Moran*, 949 F.2d 15, 23 (1st Cir. Cir. 1991). To qualify for appointment of counsel, a party must be indigent and exceptional circumstances must exist such that the denial of counsel will result in fundamental unfairness impinging on the party's due process rights. *See id.* To determine whether there are exceptional circumstances sufficient to warrant the appointment of counsel, a court must examine the total situation, focusing on the merits of the case, the complexity of the legal issues, and the litigant's ability to represent himself. *See id.* at 24.

Here, I cannot yet determine whether extraordinary circumstances exist that would justify the appointment of counsel. Provided that the plaintiff files an amended complaint and that I order that summons issue, Spencer may renew the motion for appointment of counsel after the amended complaint has been served and the defendant(s) file an answer or other responsive document.

### III.   Conclusion

Accordingly:

(1)  If the plaintiff wishes to pursue this action, he must, within thirty-five (35) days of the date of this memorandum and order, file an amended complaint that complies with the criteria

set forth above.  Failure of the plaintiff to comply with this order will result in dismissal of this action.

    (2)  The motion for appointment of counsel (docket entry #9) is denied without prejudice.

    SO ORDERED.

                                                     /s/ Douglas P. Woodock  
                                                   DOUGLAS P. WOODLOCK  
                                                   UNITED STATES DISTRICT JUDGE